IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

| | |
|---|---|
| STEVE COMMANDER )<br>)<br>And )<br>)<br>SONA LEE BARR )<br>)<br>And )<br>)<br>HENRY W. CREASY )<br>)<br>)<br>*Plaintiffs* )<br>)<br>v. )<br>)<br>BANK OF AMERICA )<br>)<br>*Defendants* )<br>_____) | Civil Action No. 03-C-09-7342 OT<br>Judge _____ |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT BANK OF AMERICA

Plaintiffs Steve Commander, et al. (hereinafter "Plaintiffs") hereby requests, pursuant to Maryland Rules 2-401, 2-402 and 2-421, that Defendant Bank of America ("Defendant") respond to the following interrogatories under oath and in writing within the time limit specified by the Maryland Code of Civil Procedure.

TO: DEFENDANT BANK OF AMERICA

FROM: PLAINTIFFS STEVE COMMANDER ET AL

### INSTRUCTIONS

1. If You assert that a part or all of a request is objectionable, state Your objection clearly and specifically identify which part(s) of the request is objectionable, describe with specificity the grounds for objection or refusal to answer, and answer the remaining part or parts of the request to which You do not object.

2. Unless the text clearly requires otherwise, You shall interpret:

1

    a)    The singular form of a word to include the plural or vice versa;

    b)    The conjunctive "and" to include the disjunctive "or" and vice versa;

    c)    All pronouns to apply to the male, female or neutral genders;

    d)    The word "any" to include the word "all" and vice versa; and

    e)    Each verb to include all of its tenses.

3. If You claim privilege as a ground for objecting to any request, respond to that part of each request that, in Your view, does not seek allegedly privileged information. For each request, or portion thereof, in response to which You claim a privilege, describe the factual basis for Your claim of privilege in sufficient detail to permit adjudication of the validity of that claim, including without limitation, the following with respect to each assertion of privilege:

    a)    A brief description of the type of Document or Communication;

    b)    The date of the Document or Communication;

    c)    The name, title and job description of the author or transmitter of the Document or Communication;

    d)    The name, title and job description of each Person who has received or had access to the Document or Communication;

    e)    The name, title and job description of each Person to whom the Document or Communication was addressed;

    f)    A brief description of the subject matter of the Document or Communication; and

    g)    The nature of the privilege(s) claimed.

4. These interrogatories are continuing in character, so as to require You to supplement Your responses and production if You obtain further or different responsive information during the pendency of this action.

5. Unless specifically stated otherwise, the time period applicable to these interrogatories is January 1, 2008, to the present.

## DEFINITIONS

A. "Communication" means, without limitation, any oral, written or electronic transmission of information, demands or questions, including, but not limited to, conversations, meetings, discussions, telephone calls, telecopies, telexes, facsimiles, seminars, conferences, writings, letters, messages, notes or memoranda.

B. "Defendant," "You," and or "Your" refers to Defendant Bank of America, their agents, employees, and attorneys, and all other persons acting on their behalf, including all persons within their home office, division offices, regional offices as well as any parent company, subsidiaries and other associated or affiliated companies.

C. "Documents" means the original and each copy of any handwritten, typed, printed, recorded or graphic matter, however produced, reproduced or stored, in Defendant's actual or constructive possession, custody or control, whether prepared, published or generated by Defendant or by any other person or entity. "Documents" shall be construed in the broadest sense consistent with the scope of Maryland Rule 2-422 and includes, without limitation, all "Communication," charges, complaints, claims, affidavits, letters, reports, agreements, compilations or summaries, chronicles, external correspondence, intra-office and inter-office correspondence, e-mails, facsimiles, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, invoices, receipts, records, ledgers, contracts, bills, inventories, financial data, maps, notes, accounting records, financial records, audits, diaries, journals, calendars, work papers, videotapes, photographs, pamphlets, brochures, advertisements, trade Communications, press releases, drawings, tables, articles, summaries of conversations, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer (including but not limited to electronic mail) and printouts of the same, or any type of computer related storage media capable of being reduced by printed representation of any form whether or not ever printed out or displayed, photographs, pictures, tapes, disks, and any other electronically or magnetically maintained forms of information.

D. "Identify," "Identity," or "Identification," (1) when used in reference to a natural Person, means that Person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a Person other than a natural Person, means that Person's full name, a description of the nature of the Person (that is, whether it is a corporation, partnership, etc. under the definition of Person below), and the Person's last known address, telephone number, and principal place of business; (3) when used in reference to any Person after the Person has been properly Identified previously means the Person's name; and (4) when used in reference to a Document, requires You to state the date, the author (or, if different, the signer or signers), the addressee, the Identity of the present custodian of the Document, and the type of Document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the Document to Your answer, appropriately labeled to correspond to the interrogatory.

E. "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

F. "Relating to" shall mean consisting of, referring to, describing, discussing, reflecting, citing, pertaining to, regarding, evidencing, concerning, summarizing or analyzing, whether directly or indirectly, the matter discussed and or subject matter in general.

G. "Bank" shall refer to The Bank of America, the branch located at 1334 Eastern Blvd., Baltimore, Maryland.

3

## INTERROGATORIES

**INTERROGATORY NO. 1:** Fully identify by name, title and capacity, each and every employee, agent or representative of Yours who was involved in any way with the Plaintiffs on March 10, 2009.

**INTERROGATORY NO. 2:** With respect to Your answer to Interrogatory No. 1, provide a complete and accurate description of each such person's knowledge, and identify and describe in detail all communications You had with each such person.

**INTERROGATORY NO. 3:** Identify all Documents in Your possession Relating to Plaintiffs.

**INTERROGATORY NO. 4:** Provide all security tapes and videos of the Bank on March 10, 2009.

**INTERROGATORY NO. 5:** Provide all policies, procedures and/or communications regarding the maintenance of security tapes in the Bank.

**INTERROGATORY NO. 6:** Identify all policies and instructions that Bank managers receive in relation to corresponding and/or communicating with Bank customers.

**INTERROGATORY NO. 7:** Provide all policies, instructions, and training materials given to Bank managers.

**INTERROGATORY NO. 8:** Provide an accurate and detailed description of the role of the manager within the Bank, including, but not limited to, duties, assignments, tasks, and/or job functions.

**INTERROGATORY NO. 9:** Identify all policies, procedures, and/or communications relating to questioning a Bank customer regarding the reasons for withdrawing funds from a Certificate of Deposit (CD).

**INTERROGATORY NO. 10:** Identify all policies and/or procedures under which a Bank manager is authorized to call the police.

**INTERROGATORY NO. 11:** Identify all policies, procedures, and/or Communications relating to the withdrawal of monies held in Certificates of Deposits (CDs).

**INTERROGATORY NO. 12:** Identify each Person, other than a Person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that You have taken or intend to take in this action, including any

claim for damages, and state the subject matter of the information possessed by that Person.

**INTERROGATORY NO. 13:** Identify each Person whom You expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to Your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**INTERROGATORY NO. 14:** If any Person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, Identify that Person, state the applicable policy limits of any insurance agreement under which the Person might be liable, and describe any question or challenge raised by the Person relating to coverage for this action.

**INTERROGATORY NO. 15:** Identify all Persons who have given You "statements," as that term is defined in MD Rule 2-402(e), concerning the action or its subject matter. For each statement, state the date on which it was given and Identify the custodian.

**INTERROGATORY NO. 16:** If You contend that any party to this action caused or contributed to the occurrence, state concisely the facts upon which You rely.

**INTERROGATORY NO. 17:** If You contend that a Person not a party to this action caused or contributed to the occurrence, Identify each such Person and state concisely the facts upon which You rely.

**INTERROGATORY NO. 18:** Identify the date You notified all persons and/or employees possessing Documents related to this lawsuit to preserve those Documents and Identify the measures You took to notify those persons and/or employees.

**INTERROGATORY NO. 19:** To the extent You have denied or responded with anything other than an unequivocal affirmative answer to any Request contained in Plaintiffs' First Request for Admissions to You, served herewith, identify and describe all facts to support Your answer(s) and explain the basis for Your denial(s).

DATED: July 23, 2009

Respectfully submitted,

Edward N. Griffin, Esq.
GRIFFIN WHITAKER LLC

7474 Greenway Center Drive
Suite 550
Greenbelt, MD 20770
Telephone 301.513.5080
Fax 888.367.0383

Attorney for Plaintiffs

_____
Edward N. Griffin

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

| | |
|---|---|
| STEVE COMMANDER | ) |
| And | ) |
| SONA LEE BARR | ) |
| And | ) |
| HENRY W. CREASY | ) |
| *Plaintiffs* | ) Civil Action No.___ |
| v. | ) |
| BANK OF AMERICA | ) |
| *Defendants* | ) |

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT BANK OF AMERICA**

Pursuant to Maryland Rules 2-401, 2-402 and 2-424, Plaintiffs Commander, *et al.* (hereinafter "Plaintiffs") hereby requests that Defendant Bank of America admit the truth of the matters stated herein within the time limit specified by the Maryland Code of Civil Procedure.

## DEFINITIONS

A.  "Communication" means, without limitation, any oral, written or electronic transmission of information, demands or questions, including, but not limited to, conversations, meetings, discussions, telephone calls, telecopies, telexes, facsimiles, seminars, conferences, writings, letters, messages, notes or memoranda.

B.  "Defendant," "You," and or "Your" refers to Defendant Bank of America, their agents, employees, and attorneys, and all other persons acting on their behalf, including all persons within their home office, division offices, regional offices as well as any parent company, subsidiaries and other associated or affiliated companies.

1

C. "Documents" means the original and each copy of any handwritten, typed, printed, recorded or graphic matter, however produced, reproduced or stored, in Defendant's actual or constructive possession, custody or control, whether prepared, published or generated by Defendant or by any other person or entity. "Documents" shall be construed in the broadest sense consistent with the scope of Maryland Rule 2-422 and includes, without limitation, all "Communication," charges, complaints, claims, affidavits, letters, reports, agreements, compilations or summaries, chronicles, external correspondence, intra-office and inter-office correspondence, e-mails, facsimiles, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, invoices, receipts, records, ledgers, contracts, bills, inventories, financial data, maps, notes, accounting records, financial records, audits, diaries, journals, calendars, work papers, videotapes, photographs, pamphlets, brochures, advertisements, trade Communications, press releases, drawings, tables, articles, summaries of conversations, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer (including but not limited to electronic mail) and printouts of the same, or any type of computer related storage media capable of being reduced by printed representation of any form whether or not ever printed out or displayed, photographs, pictures, tapes, disks, and any other electronically or magnetically maintained forms of information.

D. "Identify," "Identity," or "Identification," (1) when used in reference to a natural Person, means that Person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a Person other than a natural Person, means that Person's full name, a description of the nature of the Person (that is, whether it is a corporation, partnership, etc. under the definition of Person below), and the Person's last known address, telephone number, and principal place of business; (3) when used in reference to any Person after the Person has been properly Identified previously means the Person's name; and (4) when used in reference to a Document, requires You to state the date, the author (or, if different, the signer or signers), the addressee, the Identity of the present custodian of the Document, and the type of Document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the Document to Your answer, appropriately labeled to correspond to the interrogatory.

E. "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

F. "Relating to" shall mean consisting of, referring to, describing, discussing, reflecting, citing, pertaining to, regarding, evidencing, concerning, summarizing or analyzing, whether directly or indirectly, the matter discussed and or subject matter in general.

G. "Bank" shall refer to The Bank of America, the branch located at 1334 Eastern Blvd., Baltimore, Maryland

H.   "Manager" shall refer to Bank branch manager Wendy Anderson.

## REQUESTS FOR ADMISSION

REQUEST NO. 1:

Admit that Mr. Commander, Ms. Barr and Mr. Creasy are clients of the Bank.

REQUEST NO. 2:

Admit that Plaintiff had the right to remove funds from a Certificate of Deposit (CD) as a client of the Bank.

REQUEST NO. 3:

Admit that the Bank engages in a pattern of attempting to prevent its clients from withdrawing funds held in Certificates of Deposits (CDs) with the Bank.

REQUEST NO. 4:

Admit that Manager's accusations that Mr. Commander was trying to steal Ms. Barr's money were slanderous and defamatory.

REQUEST NO. 5:

Admit that Manager acted with knowledge of the falsity of the statements and with the intent to harm Plaintiffs' professional reputation.

REQUEST NO. 6:

Admit that the Manager's actions in refusing to let Ms. Barr leave the Bank with Mr. Commander unlawfully deprived Ms. Barr of her liberty to leave the Bank.

REQUEST NO. 7:

Admit that Manager overstepped her jurisdiction in calling the police and accusing Mr. Commander of stealing Ms. Barr's money.

REQUEST NO. 8:

Admit that Manager's actions, treatment, and false imprisonment of Ms. Barr caused the Plaintiffs to suffer severe and extreme emotional distress.

REQUEST NO. 9:

Admit that as a result of the false and defamatory statements made by Manager, Plaintiff's reputation in his business and with his clients has been significantly damaged.

REQUEST NO. 10:

Admit that the Bank had a duty to use reasonable care in selecting and supervising its employees.

REQUEST NO. 11:

Admit that the Bank knew or should have known that Manager was capable of inflicting harm of the type inflicted upon Plaintiffs.

REQUEST NO. 12:

Admit that the Bank had the means necessary to supervise its employees.

REQUEST NO. 13:

Admit that the Bank failed to exercise reasonable care in supervising Manager.

REQUEST NO. 14:

Admit that on information and belief, the Bank's failure to use reasonable care in supervising Manager directly and proximately caused Plaintiff's injuries.

REQUEST NO. 15:

Admit that Plaintiffs have been harmed by Manager's defamatory statements and actions in the sum of approximately $245,807.25.

DATED: July 23, 2009

Respectfully submitted,

>Edward N. Griffin, Esq.
>GRIFFIN WHITAKER LLC
>7474 Greenway Center Drive
>Suite 550
>Greenbelt, MD 20770
>Telephone 301.513.5080
>Fax 888.367.0383
>
>Attorney for Plaintiffs
>
>Edward N. Griffin

IN THE CIRCUIT COURT OF MARYLAND
FOR BALTIMORE COUNTY

| | |
|---|---|
| STEVE COMMANDER | )<br>)<br>) |
| And | )<br>)<br>) |
| SONA LEE BARR | )<br>)<br>) |
| And | )<br>)<br>) |
| HENRY W. CREASY | )<br>)<br>)<br>) Civil Action No.___ |
| *Plaintiffs* | ) Judge _____<br>) |
| v. | )<br>) |
| BANK OF AMERICA | )<br>)<br>) |
| *Defendants* | )<br>) |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT BANK OF AMERICA

Plaintiffs Commander, *et al.* (hereinafter "Plaintiffs") hereby requests, pursuant to Maryland Rules 2-401, 2-402 and 2-422, that Defendant Bank of America produce for inspection or copying any and all Documents and or Communications described hereinafter on or by the date required by the Maryland Rules, at 5:00 PM, at the offices of Griffin Whitaker LLC, 7474 Greenway Center Drive, Suite 550, Greenbelt, MD 20770. Defendant may comply with this request by transmitting the Documents by mail or by messenger so long as they arrive at the designated place by the afore-said date and time.

### DEFINITIONS

A. "Communication" means, without limitation, any oral, written or electronic transmission of information, demands or questions, including, but not limited to, conversations, meetings, discussions, telephone calls, telecopies, telexes, facsimiles, seminars, conferences, writings, letters, messages, notes or memoranda.

B. "Defendant," "You," and or "Your" refers to Defendant Bank of America, their agents, employees, and attorneys, and all other persons acting on their behalf,

1

B.     "Defendant," "You," and or "Your" refers to Defendant Bank of America, their agents, employees, and attorneys, and all other persons acting on their behalf, including all persons within their home office, division offices, regional offices as well as any parent company, subsidiaries and other associated or affiliated companies.

C.     "Documents" means the original and each copy of any handwritten, typed, printed, recorded or graphic matter, however produced, reproduced or stored, in Defendant's actual or constructive possession, custody or control, whether prepared, published or generated by Defendant or by any other person or entity. "Documents" shall be construed in the broadest sense consistent with the scope of Maryland Rule 2-422 and includes, without limitation, all "Communication," charges, complaints, claims, affidavits, letters, reports, agreements, compilations or summaries, chronicles, external correspondence, intra-office and inter-office correspondence, e-mails, facsimiles, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, invoices, receipts, records, ledgers, contracts, bills, inventories, financial data, maps, notes, accounting records, financial records, audits, diaries, journals, calendars, work papers, videotapes, photographs, pamphlets, brochures, advertisements, trade Communications, press releases, drawings, tables, articles, summaries of conversations, audio and/or video recordings and transcriptions of recordings, microfilm, microfiche, electronic records or representations of any kind, information stored on computer (including but not limited to electronic mail) and printouts of the same, or any type of computer related storage media capable of being reduced by printed representation of any form whether or not ever printed out or displayed, photographs, pictures, tapes, disks, and any other electronically or magnetically maintained forms of information.

D.     "Identify," "Identity," or "Identification," (1) when used in reference to a natural Person, means that Person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a Person other than a natural Person, means that Person's full name, a description of the nature of the Person (that is, whether it is a corporation, partnership, etc. under the definition of Person below), and the Person's last known address, telephone number, and principal place of business; (3) when used in reference to any Person after the Person has been properly Identified previously means the Person's name; and (4) when used in reference to a Document, requires You to state the date, the author (or, if different, the signer or signers), the addressee, the Identity of the present custodian of the Document, and the type of Document (e.g., letter, memorandum, telegram, or chart) or to attach an accurate copy of the Document to Your answer, appropriately labeled to correspond to the interrogatory.

E.     "Person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State, an agency or political subdivision of the State, a court, and any other governmental entity.

F.   "Relating to" shall mean consisting of, referring to, describing, discussing, reflecting, citing, pertaining to, regarding, evidencing, concerning, summarizing or analyzing, whether directly or indirectly, the matter discussed and or subject matter in general.

G.   "Bank" shall refer to The Bank of America, the branch located at 1334 Eastern Blvd., Baltimore, Maryland.

## DOCUMENTS REQUESTED

**DOCUMENT DEMAND NO. 1:**   Any Document or Communication to, from, or in the possession of Defendant Relating to the Plaintiff.

**DOCUMENT DEMAND NO. 2:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 1.

**DOCUMENT DEMAND NO. 3:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 2.

**DOCUMENT DEMAND NO. 4:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 3.

**DOCUMENT DEMAND NO. 5:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 4.

**DOCUMENT DEMAND NO. 6:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 5.

**DOCUMENT DEMAND NO. 7:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 6.

**DOCUMENT DEMAND NO. 8:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 7.

**DOCUMENT DEMAND NO. 9:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 8.

**DOCUMENT DEMAND NO. 10:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 9.

**DOCUMENT DEMAND NO. 11:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 10.

**DOCUMENT DEMAND NO. 12:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 11.

**DOCUMENT DEMAND NO. 13:**   Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 12.

**DOCUMENT DEMAND NO. 14:** Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 13.

**DOCUMENT DEMAND NO. 15:** Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 14.

**DOCUMENT DEMAND NO. 16:** Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 15.

**DOCUMENT DEMAND NO. 17:** Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 16.

**DOCUMENT DEMAND NO. 18:** Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 17.

**DOCUMENT DEMAND NO. 19:** Any Document or Communication Identified in response to Plaintiff's Interrogatory No. 18.

DATED: July 23, 2009

Respectfully submitted,

        Edward N. Griffin, Esq.
        GRIFFIN WHITAKER LLC
        7474 Greenway Center Drive
        Suite 550
        Greenbelt, MD 20770
        Telephone 301.513.5080
        Fax 888.367.0383

        Attorney for Plaintiffs

        Edward N. Griffin